STATE of Wisconsin, Plaintiff-Respondent,

v.

Jeremy K. MORSE, Defendant-Appellant.†

Court of Appeals

*No. 2004AP2658–CR. Submitted on briefs August 2, 2005.
—Decided August 23, 2005.*

2005 WI App 223

(Also reported in 706 N.W.2d 152.)

† Petition to review filed.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Amelia L. Bizzaro* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *William C. Wolford*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Wedemeyer, P.J., Curley and Kessler, JJ.

¶ 1. WEDEMEYER, P.J. Jeremy K. Morse appeals from a judgment entered after his no contest plea to one count of first-degree reckless homicide, contrary to WIS. STAT. § 940.02(1) (2003–04).[1] He also appeals from an order denying his postconviction motion. Morse claims: (1) the trial court should have granted his motion seeking plea withdrawal on the basis that his plea was not knowingly, intelligently and voluntarily made; (2) the trial court should have granted his motion seeking to withdraw his plea on the basis of newly discovered evidence; and (3) he is entitled to a new trial in the interests of justice. Because the trial court did not err in denying Morse's motion for plea withdrawal on either basis, and because there is no reason to reverse in the interests of justice, we affirm.

## BACKGROUND

¶ 2. On April 17, 2001, a shooting occurred at 2215 North 42nd Street in the City of Milwaukee. Harry Powell was shot and killed. Morse gave two statements to police in regard to the shooting. Although the details differ in each of the accounts, Morse admitted in both statements that he was present at the time and location of the shooting and that he shot in the direction of the victim.

¶ 3. As a result of Morse's statements to police, he was charged with one count of first-degree reckless homicide. On September 26, 2001, the day on which the trial was supposed to begin, Morse changed his not guilty plea to a no contest plea. The trial court conducted a plea hearing and accepted Morse's plea. On November 15, 2001, Bernard S. Stein substituted in as

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

Morse's counsel. On December 6, 2001, Stein filed motions to withdraw as counsel and to withdraw Morse's no contest plea. The trial court denied the motions.

¶ 4.   On March 15, 2002, Morse was sentenced. Morse's appointed postconviction counsel, Ellen Henak, filed a motion seeking to withdraw the no contest plea and for resentencing. The trial court denied the motion for plea withdrawal, but granted the motion for resentencing.

¶ 5.   Attorney Michael Backes was appointed to represent Morse for the resentencing proceeding. On June 10, 2003, Morse filed a motion seeking to withdraw his plea prior to resentencing. He alleged in the motion that newly discovered audio recordings of taped jail conversations suggested that Morse was innocent. He also argued that police reports indicating that the perpetrator was shot, leaving a blood trail, suggested that Morse was innocent because he was not shot at the crime scene. The trial court conducted a hearing and denied the motion. The trial court sentenced Morse to a twenty-five-year prison sentence, with seventeen years in initial confinement followed by eight years' extended supervision.

¶ 6.   Morse filed a postconviction motion seeking to vacate the conviction. His motion was denied and he now appeals.

## DISCUSSION

*A.   Knowing, Intelligent and Voluntary Plea.*

■

¶ 7.   Morse first argues that the trial court should have allowed him to withdraw his plea because it was not knowingly, intelligently and voluntarily entered. He

contends that he believed by entering a no contest plea, he would receive a lesser sentence, that he did not understand the difference between a no contest plea and a guilty plea, and that although he told the court during the plea colloquy that he understood all the consequences of entering a plea, he really did not. Our review of the record demonstrates that Morse's plea was entered knowingly, intelligently and voluntarily.

¶ 8.   The question of whether a defendant may withdraw his plea is left to the sound discretion of the circuit court. *State v. Van Camp*, 213 Wis. 2d 131, 139, 569 N.W.2d 577 (1997). In order to sustain a trial court's discretionary decision to deny a motion for plea withdrawal, we must ensure that the court's determination was made upon the facts of the record and in reliance on the appropriate and applicable law. *State ex rel. Warren v. Schwarz*, 219 Wis. 2d 615, 635, 579 N.W.2d 698 (1998); *State v. Bangert*, 131 Wis. 2d 246, 289, 389 N.W.2d 12 (1986). We will find an erroneous exercise of discretion if the court improperly relied upon irrelevant or immaterial factors. *Elias v. State*, 93 Wis. 2d 278, 282, 286 N.W.2d 559 (1980).

¶ 9.   Here, Morse challenges the adequacy of the plea hearing—claiming his plea was not knowingly, intelligently and voluntarily entered. His challenge is reviewed under a two-part test. First, he must show that a violation of the plea procedures under WIS. STAT. § 971.08(1) and *Bangert* occurred, and that he lacked knowledge or understanding of a plea-related issue. *State v. Giebel*, 198 Wis. 2d 207, 215–16, 541 N.W.2d 815 (Ct. App. 1995). Second, if he makes such showings, the burden shifts to the state to show by clear and convincing evidence that the plea was entered knowingly,

intelligently and voluntarily despite the plea hearing deficiencies. *Bangert*, 131 Wis. 2d at 274. Whether Morse can satisfy his burden on the first step is a question of constitutional fact reviewed independently. *Id.* at 283. The trial court's findings of historical fact, however, will not be disturbed unless clearly erroneous. *Id.* at 283–84.

¶ 10.  Here, the record reflects that Morse failed to demonstrate either a statutory or a *Bangert* violation. The plea hearing addressed all the appropriate issues and contains no statutory violations. The plea was extensive and complete. The fact that Morse now contends that he lied in answering the trial court's questions during the plea colloquy cannot operate to create an unconstitutional plea. Morse has failed to make a *prima facie* showing that his plea was not knowing, intelligent or voluntary.

¶ 11.  Moreover, Morse's claim that the trial court should have explained the difference between a no contest plea and a guilty plea to dispel his misconception that he would receive a lesser sentence for pleading no contest is unpersuasive. Although the trial court did not extensively address the differences, the record does reflect the trial court addressed Morse's contention. The trial court specifically asked if Morse understood the consequences of pleading no contest—that it would find him *guilty* and sentence him as though he were *guilty*. The trial court also asked if Morse understood "that if a person enters a plea of no contest, they are giving up all the same rights and all the same defenses as a person who enters a plea of guilty?" Further, the trial court asked Morse if he understood that it was free to sentence him to the maximum possible prison term. Morse answered all the questions affirmatively. Accordingly, we are not convinced that Morse's claimed confu-

376

sion regarding a no contest plea resulted in an unconstitutional plea. Thus, the trial court's decision denying his request to withdraw his plea was not erroneous.

*B. Newly Discovered Evidence.*

¶ 12.   Morse next claims that newly discovered evidence supports his claim for plea withdrawal. The new evidence consists of taped jail conversations between two people discussing Morse's case and the police reports indicating the shooter left a blood trail. We address each separately.

¶ 13.   This issue combines both the standards for reviewing a motion for plea withdrawal set forth above, as well as the standards for reviewing a decision on whether a defendant has adequately presented newly discovered evidence. If Morse satisfies the latter, that would satisfy the "fair and just standard" of the former.

¶ 14.   "Motions for a new trial based on newly discovered evidence are entertained with great caution." *State v. Terrance J.W.*, 202 Wis. 2d 496, 500, 550 N.W.2d 445 (Ct. App. 1996). We will affirm the trial court's denial of such a motion as long as it has a reasonable basis and is made in accordance with accepted legal standards and facts of record. *State v. Jenkins*, 168 Wis. 2d 175, 186, 483 N.W.2d 262 (Ct. App. 1992). On appeal, we review the trial court's determination for erroneous exercise of discretion. *See State v. McCallum*, 208 Wis. 2d 463, 473, 561 N.W.2d 707 (1997).

¶ 15.   In order to grant a motion for a new trial based on newly discovered evidence, a defendant must

show that: (1) evidence was discovered after trial; (2) the defendant was not negligent in failing to discover the evidence before trial; (3) the evidence is material; (4) the evidence is not cumulative; and (5) there exists a reasonable probability of a different result at a new trial. *State v. Coogan*, 154 Wis. 2d 387, 394–95, 453 N.W.2d 186 (Ct. App. 1990).

¶ 16. Here, the taped jail conversations consist of two recordings. The first conversation, from June 6, 2001, contains a statement from an inmate that "if Jeremy is dumb enough to admit that he did it he needs to be in jail." The second recording, from June 12, 2001, contains the statement, "Lying Ass Jeremy-How could you betray the family. You did the crime, do the time."

¶ 17. Morse contends that these recordings are new evidence supporting his innocence. The trial court found that the recordings did not constitute newly discovered evidence for the following reasons. The people in the taped conversations do not appear to have any first-hand knowledge of the crime involved here. The tape recordings would not be admissible. The statements made on the tapes were, at best, vague and inconclusive. Based on these findings, the trial court ruled that these tapes would not have created the reasonable probability of a different result if Morse had known about them before he entered his plea. We conclude that the trial court's findings are not clearly erroneous and agree with the trial court's ruling that these taped recordings fail to satisfy the last element of the newly discovered evidence test. Accordingly, the taped recordings do not constitute a fair and just reason for permitting plea withdrawal.

¶ 18. The next alleged newly discovered evidence consists of police reports discussing the possibility that the shooter was shot during the exchange of gunfire and left a trail of blood. Morse contends he was never

378

shown this potentially exculpatory evidence—he characterizes it as such because he was not shot or bleeding during the incident. The trial court properly addressed this issue as one involving the potential for an ineffective assistance of counsel claim. It therefore conducted a hearing with the testimony of Morse's trial counsel. Counsel testified that he remembered discussing blood evidence with Morse, but could not remember specifically what was said. He also testified that it was his normal practice to give copies of all discovery documents to his clients, unless there was a reason he could not. Counsel indicated he did not have any specific recollection about the police reports in Morse's case.

¶ 19. Morse also testified at the hearing. He stated that he had not read the police reports until after he entered his plea and that when he was in lock-up, a person told him that the shooter was shot during the crime. When Morse asked his counsel about this, his counsel advised him that no one said they saw the perpetrator get shot.

¶ 20. The trial court denied the motion to withdraw based on the police report/blood trail evidence. The trial court specifically found that Morse's testimony was not credible and that he would say whatever it took to help himself. The trial court found that trial counsel had a reputation of fighting hard for his clients and said if the police report/blood trail evidence had any merit, counsel would have pursued it. The trial court found that counsel looked at the police reports and concluded that the statements about the shooter getting shot were merely speculative. Based on these findings, the trial court concluded that counsel was not ineffective and that this evidence did not constitute newly discovered evidence.

¶ 21. We agree. The record reflects, based on his own testimony, that Morse knew about this evidence before he entered his plea. Thus, this evidence fails to satisfy the first element of the newly discovered evidence test. In addition, speculatory statements in police reports as to whether the shooter was shot fail to satisfy the fifth element of the newly discovered evidence test. This information would not create a reasonable probability of a different result. Accordingly, this evidence is insufficient to support a plea withdrawal.

*C. Interests of Justice.*

■

¶ 22. Morse's last claim is that a new trial is warranted in the interests of justice because the real controversy was not tried. We reject his claim.

¶ 23. Although this court has authority under WIS. STAT. § 752.35 to order a new trial in the interests of justice, Morse has failed to convince us to exercise that discretionary power. Morse confessed to police, and accepted a plea agreement. There is nothing in the record to persuade us that justice was not served in this case.

*By the Court.*—Judgment and order affirmed.