STATE of Wisconsin, Plaintiff-Respondent,

v.

Sean M. DALEY, Defendant-Appellant.†

Court of Appeals

*No. 2005AP48–CR. Submitted on briefs October 24, 2005.
—Decided November 22, 2005.*

2005 WI App 260

(Also reported in 709 N.W.2d 888.)

† Petition to review denied 6-14-06.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Kirk B. Obear* of *Law Office of Barry S. Cohen, S.C.*, Elkhart Lake.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *Christopher G. Wren*, assistant attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J. Sean Daley appeals a judgment of conviction for second-degree recklessly endangering safety and misdemeanor disorderly conduct, as well as an order denying his motion for plea withdrawal. Daley argues that the deferred prosecution agreement that resulted in his conviction was statutorily infirm and the conviction therefore cannot be maintained. He also contends that he should have been allowed to withdraw his plea because he presented a fair and just reason for withdrawal prior to sentencing. We disagree and affirm the judgment and order.

## Background

¶ 2. According to the August 3, 2001 complaint, Daley was arrested for recklessly endangering safety after pointing a loaded gun at his girlfriend. The disorderly conduct charge was added because he was swearing at his girlfriend and throwing her belongings outside. On February 7, 2002, Daley pled not guilty.

¶ 3.  Negotiations with the State led to a deferred prosecution agreement in which Daley would plead no contest to the two charges, but the case would be suspended and entry of the judgment of conviction would be stayed. If Daley complied with the agreement, the State would move to dismiss the charges. On January 13, 2003, the trial court approved the agreement, Daley entered his new plea, and filed a plea questionnaire and waiver of rights form. Pursuant to the agreement, the trial court did not enter a judgment of conviction upon Daley's plea but suspended proceedings.

¶ 4.  In August 2003, the State petitioned for termination of the deferred prosecution agreement after Daley allegedly engaged in further criminal activity, including another domestic incident, contrary to the agreement's terms. At the hearing in May 2004, the court found that Daley violated the agreement and, after revoking the agreement, found Daley guilty of the two initial charges. Sentencing was scheduled for a later date.

¶ 5.  On July 14, 2004, Daley moved to "vacate" his no contest plea, but the court denied the motion. On August 27, Daley moved to vacate the finding of guilt, but the court denied that motion, too. At the sentencing hearing, the court withheld sentence and gave Daley three years' probation on each count with the probation terms running concurrently. Daley appeals.

### Discussion

### Deferred Prosecution Agreement

¶ 6.  Daley's first argument on appeal is that the deferred prosecution agreement fails to comply with

Wis. Stat. § 971.37.[1] Whether the agreement conforms to the statute presents us with a statutory interpretation question, which we review de novo. *See State v. DeLain*, 2005 WI 52, ¶ 11, 280 Wis. 2d 51, 695 N.W.2d 484.

¶ 7. Daley argues the agreement violates Wis. Stat. § 971.37(4), which states, in relevant part, "[c]onsent to a deferred prosecution under this section is not an admission of guilt and the consent may not be admitted in evidence in a trial for the crime . . . ." He argues "the statute would be rendered meaningless if a deferred prosecution agreement cannot be construed as an admission of guilt [but] at the same time an agreement may require an admission of guilt." We disagree.

¶ 8. The language of Wis. Stat. § 971.37(4) plainly means that should a deferred prosecution agreement be revoked, the defendant's willingness to enter the agreement may not be admitted at trial as evidence of guilt. Put another way, a deferred prosecution agreement may not be used to demonstrate a defendant's consciousness of guilt. When a deferred prosecution agreement requires a defendant to enter a plea as a condition, it is the plea itself and not the agreement that constitutes the acknowledgement of guilt. Indeed, if the agreement is dissolved, the plea remains.

¶ 9. Daley implies that requiring a plea is not allowed because it is not specifically authorized in Wis. Stat. § 971.37. However, the legislature plainly contemplated that parties would negotiate appropriate conditions in a deferred prosecution agreement commensurate with the individual facts of each case. While

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

§ 971.37(1m)(b) specifies certain components that *shall* be in a deferred prosecution agreement, there is no indication these are to be the sole components. Indeed, § 971.37(1m)(c)1. indicates that the agreement *may* require payment of the domestic abuse surcharge. This indicates the legislature never intended § 971.37(1m)(b) to be exclusive.[2]

¶ 10.    Daley also contends the agreement violated Wis. Stat. § 971.37(2), which states, "The written agreement shall be terminated and the prosecution may resume upon written notice by either the person or the district attorney to the other prior to completion of the period of the agreement." He contends this section means the State is not allowed "to obtain a conviction in the event that the agreement is terminated. . . . [T]he process of conviction must occur subsequent to the resumption of the prosecution, not as a direct result of the resumption of the prosecution."

¶ 11.    We point out first that whenever a deferred prosecution agreement is revoked and a conviction results, that conviction is both subsequent to and a direct result of the resumption of the prosecution. If

---

[2] This case is not similar to *State v. Dawson*, 2004 WI App 173, 276 Wis. 2d 418, 688 N.W.2d 12. There, as part of a plea agreement, the State agreed to reopen Dawson's judgment of conviction and amend a charge of first-degree sexual assault of a child if Dawson successfully completed probation. *Id.*, ¶ 2. We allowed Dawson to withdraw his plea as unknowing because he had agreed to a legal impossibility. *Id.*, ¶ 14. The State has no authority to reopen a judgment and the only legal reward for completing probation is discharge. *Id.*, ¶¶ 9, 14. Here, Daley's deferred prosecution agreement is permissible under the statute and the agreement's completion does not present a legal impossibility.

prosecution had not resumed, the charge would have been dismissed. *See* WIS. STAT. § 971.37(3).

¶ 12. More importantly, however, we conclude that prosecution in this case did resume. Prosecution of Daley's case was suspended after the court ascertained his plea was knowing, intelligent, and voluntary but before the court accepted the plea and used it to adjudicate Daley guilty. When the deferred prosecution agreement was revoked, prosecution resumed and the court continued where the case left off, accepting the plea, finding Daley guilty, and entering the judgment of conviction.

¶ 13. Contrary to Daley's argument that it is bad policy to allow the State to require a plea as part of a deferred prosecution agreement, such policy is actually quite efficient. Requiring a plea allows the State to avoid trial but still allows the defendant to avoid the conviction if he or she complies with the agreement. In that sense, it provides an even greater benefit to a defendant than a traditional plea agreement, provided the defendant fulfills the agreement's terms.

### Plea Withdrawal

¶ 14. The decision whether to allow a plea withdrawal is committed to the trial court's discretion and will be sustained unless the court erroneously exercised that discretion. *State v. Bollig*, 2000 WI 6, ¶ 14, 232 Wis. 2d 561, 605 N.W.2d 199. When the motion is brought before sentencing, the motion "should be freely allowed if the defendant presents a 'fair and just reason' to justify the withdrawal." *State v. Timblin*, 2002 WI

App 304, ¶ 19, 259 Wis. 2d 299, 657 N.W.2d 89 (citing *State v. Garcia*, 192 Wis. 2d 845, 861, 532 N.W.2d 111 (1995)).

■■■■■■

¶ 15.   Freely, however, does not mean automatically. *Bollig*, 232 Wis. 2d 561, ¶ 29. A fair and just reason contemplates the "mere showing of some adequate reason for defendant's change of heart." *State v. Kivioja*, 225 Wis. 2d 271, 284, 592 N.W.2d 220 (1999). "It is within the trial court's discretion to determine whether a defendant's reason adequately explains his or her change of heart." *Timblin*, 259 Wis. 2d 299, ¶ 20. If the defendant shows a fair and just reason for withdrawal, the motion may still be denied if the State would be prejudiced.

¶ 16.   Daley's motion asserts only his belief of his own innocence as a basis for the withdrawal. An assertion of innocence is an important factor, but it is not dispositive. *State v. Leitner*, 2001 WI App 172, ¶ 25, 247 Wis. 2d 195, 633 N.W.2d 207. Daley raised other issues at the motion hearing through an untitled "exhibit" filed with the court. He contends he was dissatisfied with his attorney and that he felt he had no option but to take the plea agreement.

■■■■

¶ 17.   The defendant bears the burden of proving a fair and just reason by a preponderance of the evidence. *Id.*, ¶ 26. In considering evidence, the trial court may assess the credibility of the proffered explanation. *Kivioja*, 225 Wis. 2d at 291. If the trial court determines the defendant's reason is incredible, it may deny the withdrawal motion. *Leitner*, 247 Wis. 2d 195, ¶ 26.

¶ 18.   The court determined, and we agree, that Daley offered "too little, too late." First, the court noted that during the plea colloquy it inquired whether Daley

was satisfied with his representation. He indicated he was satisfied and did not request new counsel. *See State v. Morse*, 2005 WI App 223, ¶ 11, 287 Wis. 2d 369, 706 N.W.2d 152 (No. 2004AP2658–CR) (defendant's post-conviction position, when contrary to position at colloquy, does not make us suspect plea's voluntariness).

¶ 19.   Second, when Daley indicated some hesitation and reluctance to enter the plea, the court told Daley it was not trying to "steamroll" him and offered to adjourn the plea hearing. Daley declined, instead indicating he wanted to "get it over with."

¶ 20.   Finally, the court noted that at no time between January 2003, when the deferred prosecution agreement was entered, and May 2004, when the agreement was revoked, did Daley seek to withdraw his plea. Rather, he waited until he was faced with the possibility of a prison sentence to cry foul. The court is entitled to consider such a delay in its determination. *Cf. Leitner*, 247 Wis. 2d 195, ¶ 33 (defendant waited until presentence investigation written, filing withdrawal motion when report was unfavorable); *Kivioja*, 225 Wis. 2d at 299 (timing of a recantation, days after a sentence imposed but sixteen months after initial statement, "seriously depreciates" reliability).

¶ 21.   In short, the court determined Daley's proffered reasons for withdrawal were incredible and denied the motion. *See Leitner*, 247 Wis. 2d 195, ¶ 26. We discern no error.

*By the Court.*—Judgment and order affirmed.