STATE of Wisconsin, Plaintiff-Respondent,

v.

Sean M. DALEY, Defendant-Appellant.†

Court of Appeals

*No. 2005AP48–CR. Submitted on briefs October 24, 2005.*
*—Decided April 11, 2006.*

2006 WI App 81

(Also reported in 716 N.W.2d 146.)

† Petition to review denied 6-14-06.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Kirk B. Obear* of Law Offices of *Barry S. Cohen, S.C.* of Elkhart Lake.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Christopher G. Wren*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J.  Sean Daley appeals a judgment of conviction for second-degree recklessly endangering safety and misdemeanor disorderly conduct, as well as an order denying his motion for plea withdrawal. Daley argues that the deferred prosecution agreement that resulted in his conviction was statutorily infirm and the conviction therefore cannot be

maintained. He also contends that he should have been allowed to withdraw his plea. We disagree and affirm the judgment and order.

## Background

¶ 2.  According to the August 3, 2001 complaint, Daley was arrested for recklessly endangering safety after pointing a loaded gun at his girlfriend. The disorderly conduct charge was added because he was swearing at his girlfriend and throwing her belongings outside. On February 7, 2002, Daley pled not guilty.

¶ 3.  Negotiations with the State led to a deferred prosecution agreement in which Daley would plead no contest to the two charges, but the case would be suspended and entry of the judgment of conviction would be stayed. If Daley complied with the agreement, the State would move to dismiss the charges. On January 13, 2003, the trial court approved the agreement, Daley entered his new plea, and filed a plea questionnaire and waiver of rights form. Pursuant to the agreement, the trial court did not enter a judgment of conviction upon Daley's plea but suspended proceedings.

¶ 4.  In August 2003, the State petitioned for termination of the deferred prosecution agreement after Daley allegedly engaged in further criminal activity, including another domestic incident, contrary to the agreement's terms. At the hearing in May 2004, the court found that Daley violated the agreement and, after revoking the agreement, found Daley guilty of the two initial charges. Sentencing was scheduled for a later date.

¶ 5.  On July 14, 2004, Daley moved to "vacate" his no contest plea, but the court denied the motion. On August 27, Daley moved to vacate the finding of guilt,

but the court denied that motion too. At the sentencing hearing, the court withheld sentence and gave Daley three years' probation on each count with the probation terms running concurrently. Daley appeals.

## Discussion

### Deferred Prosecution Agreement

¶ 6.   Daley's first argument on appeal is that the deferred prosecution agreement fails to comply with Wis. Stat. § 971.37.[1] Whether the agreement conforms to the statute presents us with a statutory interpretation question, which we review de novo. *See State v. DeLain*, 2005 WI 52, ¶ 11, 280 Wis. 2d 51, 695 N.W.2d 484.

¶ 7.   Daley argues the agreement violates Wis. Stat. § 971.37(4), which states, in relevant part, "[c]onsent to a deferred prosecution under this section is not an admission of guilt and the consent may not be admitted in evidence in a trial for the crime . . . ." He argues "the statute would be rendered meaningless if a deferred prosecution agreement cannot be construed as an admission of guilt [but] at the same time an agreement may require an admission of guilt." We disagree.

¶ 8.   The language of Wis. Stat. § 971.37(4) plainly means that should a deferred prosecution agreement be revoked, the defendant's willingness to enter the agreement may not be admitted at trial as evidence of guilt. Put another way, a deferred prosecution agreement

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

may not be used to demonstrate a defendant's consciousness of guilt. When a deferred prosecution agreement requires a defendant to enter a plea as a condition, it is the plea itself and not the agreement that constitutes the acknowledgement of guilt. Indeed, if the agreement is dissolved, the plea remains.

¶ 9.  Daley implies that requiring a plea is not allowed because it is not specifically authorized in WIS. STAT. § 971.37. However, the legislature plainly contemplated that parties would negotiate appropriate conditions in a deferred prosecution agreement commensurate with the individual facts of each case. While § 971.37(1m)(b) specifies certain components that *shall* be in a deferred prosecution agreement, there is no indication these are to be the sole components. Indeed, § 971.37(1m)(c)1 indicates that the agreement *may* require payment of the domestic abuse surcharge. This indicates the legislature never intended § 971.37(1m)(b) to be exclusive.[2]

¶ 10.  Daley also contends the agreement violated WIS. STAT. § 971.37(2), which states, "The written agree-

[2] This case is not similar to *State v. Dawson,* 2004 WI App 173, 276 Wis. 2d 418, 688 N.W.2d 12. There, as part of a plea agreement, the State agreed to reopen Dawson's judgment of conviction and amend a charge of first-degree sexual assault of a child if Dawson successfully completed probation. *Id.,* ¶ 2. We allowed Dawson to withdraw his plea as unknowing because he had agreed to a legal impossibility. *Id.,* ¶ 14. The State has no authority to reopen a judgment and the only legal reward for completing probation is discharge. *Id.,* ¶¶ 9, 14. Here, Daley's deferred prosecution agreement is permissible under the statute and the agreement's completion does not present a legal impossibility.

ment shall be terminated and the prosecution may resume upon written notice by either the person or the district attorney to the other prior to completion of the period of the agreement." He contends this section means the State is not allowed "to obtain a conviction in the event that the agreement is terminated. . . . [T]he process of conviction must occur subsequent to the resumption of the prosecution, not as a direct result of the resumption of the prosecution."

██

¶ 11.    We point out first that whenever a deferred prosecution agreement is revoked and a conviction results, that conviction is both subsequent to and a direct result of the resumption of the prosecution. If prosecution had not resumed, the charge would have been dismissed. *See* Wis. Stat. § 971.37(3).

¶ 12.    More importantly, however, we conclude that prosecution in this case did resume. Prosecution of Daley's case was suspended after the court ascertained his plea was knowing, intelligent, and voluntary but before the court accepted the plea and used it to adjudicate Daley guilty. When the deferred prosecution agreement was revoked, prosecution resumed and the court continued where the case left off, accepting the plea, finding Daley guilty, and entering the judgment of conviction.

¶ 13.    Contrary to Daley's argument that it is bad policy to allow the State to require a plea as part of a deferred prosecution agreement, such policy is actually quite efficient. Requiring a plea allows the State to avoid trial but still allows the defendant to avoid the conviction if he or she complies with the agreement. In that sense, it provides an even greater benefit to a defendant than a traditional plea agreement, provided the defendant fulfills the agreement's terms.

## Plea Withdrawal

▮▮▮

¶ 14.   The standard for evaluating a plea withdrawal motion depends on whether the motion comes before or after the defendant has been sentenced. Prior to sentencing, a defendant's motion "should be freely allowed if the defendant presents a 'fair and just reason' to justify the withdrawal." *State v. Timblin*, 2002 WI App 304, ¶ 19, 259 Wis. 2d 299, 657 N.W.2d 89 (citation omitted). If the motion is brought after sentencing, the defendant "carries the heavy burden of establishing, by clear and convincing evidence, that withdrawal of the plea is necessary to correct a manifest injustice." *State v. Fosnow*, 2001 WI App 2, ¶ 7, 240 Wis. 2d 699, 624 N.W.2d 883 (citation omitted). In either case, however, the ultimate decision whether to allow withdrawal is committed to the trial court's discretion, meaning we will not reverse the court's decision unless it is clearly erroneous. *See State v. Spears*, 147 Wis. 2d 429, 434, 433 N.W.2d 595 (Ct. App. 1988).

▮▮▮

¶ 15.   Although the parties have not so suggested in their briefs—indeed, they argued the case under the presentence standard—there is a question as to whether Daley's motion was before or after sentencing. This presents a question of law. *State v. Barney*, 213 Wis. 2d 344, 353, 570 N.W.2d 731 (Ct. App. 1997).

▮▮▮

¶ 16.   It is true that sentencing, as it is commonly understood, did not occur until after the trial court denied the motion for plea withdrawal, revoked the deferred prosecution agreement, and entered the judgment of conviction against Daley based on his underlying no contest plea. However, prior case law compels the

conclusion that "sentencing," when a deferred prosecution agreement is involved, encompasses the initial disposition of the case after the parties enter the agreement and the agreement is ratified by the trial court. *See id.* at 354.

¶ 17.  In *Barney*, the defendant pled guilty to second-degree sexual assault of a child. Under the plea agreement, however, Barney would not be immediately convicted of the assault but would be subject to a two-year "diversion agreement." *Id.* at 349. While *Barney* does not specify the statutory authority for the diversion agreement, it was arguably the deferred prosecution agreement statute in effect at the time because:  (1) entry of the agreement preceded the actual judgment of conviction and deferred the judgment's entry, pending Barney's satisfactory completion of the agreement; and (2) if Barney completed the agreement, the charge would be dismissed with prejudice. Both conditions are present in Daley's agreement.

¶ 18.  In *Barney*, 213 Wis. 2d at 354–55, we stated:

> Barney's motion to withdraw his plea came only after the State had moved to revoke the diversion agreement. Barney thus knew when he sought withdrawal of his plea that he was facing a stiffer punishment for the felony offense than he originally contemplated when he entered the guilty plea. The higher burden of the "manifest injustice" standard is thus appropriate, since it is a deterrent to "defendants testing the waters for possible punishments" and acting out of " 'disappointment in the eventual punishment imposed.' " [*State v.*] *Nawrocke*, 193 Wis. 2d [373] at 379–80, 534 N.W.2d [624] at 626 [Ct. App. 1995] (quoted source omitted).

> We conclude that the court's acceptance and or-

dered implementation of the diversion agreement constituted "sentencing" for purposes of determining the standard to be applied in deciding Barney's motion to withdraw his guilty plea. . . .

. . . .

. . . "[M]anifest injustice" is the appropriate standard by which we must measure Barney's request to withdraw his plea following the approval and implementation of the diversion agreement.

The same rationale applies here: acceptance and ordered implementation of the deferred prosecution agreement constitutes sentencing for purposes of determining which standard to apply. We thus apply the manifest injustice standard in reviewing Daley's motion for plea withdrawal.

¶ 19. We would normally be reluctant to decide a case on an argument the parties have not briefed. However, the "fair and just reason" standard for plea withdrawal is a more lenient standard than "manifest injustice." Because we are not convinced that Daley would have succeeded under the lower standard, he cannot prevail under the higher standard. Indeed, manifest injustice "is rooted in concepts of constitutional dimensions" and "requires the showing of a serious flaw in the fundamental integrity of the plea." *State v. Krieger*, 163 Wis. 2d 241, 252, 471 N.W.2d 599 (Ct. App. 1991).

¶ 20. Here, Daley's motion asserted only his belief of his own innocence as a basis for the withdrawal. Daley also raised other issues at the motion hearing through an untitled "exhibit" filed with the trial court, contending he was dissatisfied with his attorney and that he felt he had no option but to take the plea

agreement. None of this, however, rises to the level of manifest injustice.[3] The court determined that Daley offered "too little, too late," and for the reasons that follow, we agree.

¶ 21.   First, an assertion of innocence is an important factor, but it is not dispositive. *State v. Leitner*, 2001 WI App 172, ¶ 25, 247 Wis. 2d 195, 633 N.W.2d 207. Such argument need not be deeply pursued by the court on a motion after sentencing. *See State v. Booth*, 142 Wis. 2d 232, 238, 418 N.W.2d 20 (Ct. App. 1987).

¶ 22.   Second, the court noted that during the plea colloquy it inquired whether Daley was satisfied with his representation. He indicated he was satisfied and did not request new counsel. *See State v. Morse*, 2005 WI App 223, ¶ 11, 287 Wis. 2d 369, 706 N.W.2d 152 (defendant's postconviction position, when contrary to position at colloquy, does not make us suspect plea's voluntariness).

¶ 23.   Third, when Daley indicated some hesitation and reluctance to enter the plea, the court told Daley it was not trying to "steamroll" him and offered to

---

[3] Although this is by no means an exhaustive list, examples of manifest injustice include the following:

(1) ineffective assistance of counsel; (2) the defendant did not personally enter or ratify the plea; (3) the plea was involuntary; (4) the prosecutor failed to fulfill the plea agreement; (5) the defendant did not receive the concessions tentatively or fully concurred in by the court, and the defendant did not reaffirm the plea after being told that the court no longer concurred in the agreement; and, (6) the court had agreed that the defendant could withdraw the plea if the court deviated from the plea agreement.

*State v. Krieger*, 163 Wis. 2d 241, 251 n.6, 471 N.W.2d 599 (Ct. App. 1991). Daley did not allege his plea was unknowing, unintelligent, or involuntary.

adjourn the plea hearing. Daley declined, instead indicating he wanted to "get it over with."

¶ 24.    Finally, the court noted that at no time between January 2003, when the deferred prosecution agreement was entered, and May 2004, when the agreement was revoked, did Daley seek to withdraw his plea. Rather, he waited until he faced the possibility of a prison sentence to cry foul. The court is entitled to consider such a delay in its determination. *Cf. Leitner*, 247 Wis. 2d 195, ¶ 33 (defendant waited until presentence investigation written, filing withdrawal motion when report was unfavorable); *State v. Kivioja*, 225 Wis. 2d 271, 299, 592 N.W.2d 220 (1999) (timing of a recantation, days after a sentence imposed but sixteen months after initial statement, "seriously depreciates" recantation's reliability); *Nawrocke*, 193 Wis. 2d at 379–80 (higher burden of proof applies as "deterrent to defendants testing the waters for possible punishment"). Ultimately, Daley has simply made no claims that approach the manifest injustice standard. Plea withdrawal would be inappropriate.

*By the Court.*—Judgment and order affirmed.