COURT OF APPEALS
DECISION
DATED AND FILED

June 25, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP650-CR**

Cir. Ct. No. 2020CF1787

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

MARK A. PITZKA,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Waukesha County: LAURA F. LAU, Judge. *Affirmed.*

Before Neubauer, Grogan, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Mark A. Pitzka appeals from a circuit court judgment convicting him of arson and the court's order denying his postconviction motion.[1] Pitzka argues that he is entitled to a new trial on the bases of the court's admission of other-acts evidence, cell phone mapping evidence at trial, and trial counsel's alleged ineffectiveness. For the reasons that follow, we disagree with Pitzka and affirm.

**BACKGROUND**

¶2 A jury found Pitzka guilty of arson in connection with a June 29, 2018 fire at a house in Hartland that his former girlfriend Amy was renovating.[2] The case against Pitzka was circumstantial, including other-acts evidence related to a July 1, 2018 fire in the Dodge County garage of Amy's boyfriend David ("the garage fire"), Pitzka's purchase of fire-starter logs similar to those found at both fires, and Pitzka's social media posts following several of the incidents recounted at trial.

¶3 Pitzka filed a postconviction motion pursuant to WIS. STAT. RULE 809.30(2)(h) (2023-24)[3] in which he moved for a new trial on two grounds. First, he argued that his newly-retained expert's opinion regarding the cell phone location data presented at trial constituted newly discovered evidence. Second, Pitzka asserted that his trial counsel's handling of evidence surrounding cell phone

---

[1] The Hon. Laura F. Lau presided over Pitzka's pretrial proceedings and jury trial and entered the judgment of conviction currently under appeal. The Hon. Paul F. Reilly presided over Pitzka's postconviction hearing and issued the order denying the motion.

[2] We use pseudonyms to protect the privacy of the victims.

[3] All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

location data and other acts constituted ineffective assistance. The circuit court denied the postconviction motion after a ***Machner***[4] hearing at which both trial counsel and Pitzka's cell phone expert testified. Pitzka appeals.

¶4　　We include additional facts in our discussion as necessary.

## DISCUSSION

¶5　　Pitzka raises three general arguments on appeal, all of which he claims entitle him to a new trial. First, he asserts that the circuit court erred in allowing testimony at trial of other-acts evidence related to the garage fire. He also objects to the admission of evidence of what he calls "[c]ollateral '[o]ther [a]cts'" related to the garage fire, including evidence regarding a red pick-up truck similar to Pitzka's following David from Amy's house one night ("the red-truck incident") and testimony concerning the route of a motorcycle ride Pitzka participated in on the day of the garage fire ("the motorcycle route"). Pitzka next argues that he is entitled to a new trial due to the court's admission of a demonstrative cell phone mapping exhibit that trial counsel did not receive until the day before trial. Pitzka further argues that his expert's testimony concerning the exhibit is "newly discovered evidence." Finally, Pitzka maintains that his trial counsel was ineffective in its representation of Pitzka, and the cumulative effect of counsel's errors entitle Pitzka to a new trial. We address each argument in turn below.

---

[4] ***State v. Machner***, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

*Other Acts Evidence*

¶6    Prior to the trial in this case, the State filed a motion seeking to admit other-acts evidence of Pitzka's criminal behavior toward a former girlfriend following a break-up and evidence related to the garage fire. The garage-fire evidence included a Facebook post Pitzka made the day after that fire. Pitzka had posted a photo of a burning bridge with a caption: "Sometimes burning bridges is awesome. It prevents you from going back to places you should never have to visit to begin with." The State also filed a motion in limine seeking to admit evidence related to the red-truck incident, as well as evidence surrounding an incident just days before the fire at Amy's in which Pitzka dumped the contents of a dumpster on Amy's driveway and posted about it on Facebook afterwards ("the dumpster incident"). The State also moved to prohibit any evidence regarding a fire in 2020 in the apartment of Amy's next-door neighbor because that fire was ruled accidental and was started by a faulty hair dryer ("the hair dryer fire").

¶7    Applying the *Sullivan*[5] factors to the proffered other-acts evidence, the circuit court denied the State's motion to allow any evidence regarding Pitzka's relationship with the former girlfriend. The court concluded that despite the facts that Pitzka was criminally convicted of several crimes resulting from his post-relationship conduct and the State was offering the evidence for a permissible purpose, the court determined it was not "of consequence" to the present arson allegation.

---

[5] *State v. Sullivan*, 216 Wis. 2d 768, 772-73, 576 N.W.2d 30 (1998).

¶8      In addition to denying the State's motion to present evidence regarding Pitzka's relationship with the former girlfriend, the circuit court also accepted the parties' stipulation to allow evidence of the garage fire at trial, and to allow the cell phone records and Facebook posts to come in at trial without the testimony of records custodians.  The court further ruled that David would be allowed to testify about the red-truck incident, and disallowed evidence at trial regarding the hair dryer fire based on counsels' stipulation.  As previously stated, the postconviction court upheld the ruling.

¶9      On appeal, Pitzka raises concerns with three of the "other acts" described above, arguing that allowing testimony at trial regarding the garage fire, the red-truck incident, and the motorcycle route violated his right to a fair trial.[6] Other-acts evidence is properly admissible if: it is offered for a permissible purpose, pursuant to WIS. STAT. § 904.04(2); it is relevant under the two relevancy requirements in WIS. STAT. § 904.01; and its probative value is not substantially outweighed by the risk of unfair prejudice under WIS. STAT. § 904.03.  *State v. Sullivan*, 216 Wis. 2d 768, 772-73, 576 N.W.2d 30 (1998).  "Unfair prejudice" does not mean mere damage to a party's cause but "a tendency to influence the outcome by improper means."  *Christensen v. Economy Fire & Cas. Co.*, 77 Wis. 2d 50, 61-62, 252 N.W.2d 81 (1977).

¶10     Determining whether the evidence of Pitzka's other acts was properly admitted under WIS. STAT. § 904.04(2)(b)1. requires us to review an

---

[6] Pitzka raises no issues on appeal related to the dumpster incident.  He challenges trial counsel's decision to stipulate to the inadmissibility of evidence of the 2020 fire as ineffective assistance of counsel.  We address the 2020 fire in our discussion regarding trial counsel's representation of Pitzka.

exercise of discretion by the circuit court. *See State v. Jackson*, 2014 WI 4, ¶43, 352 Wis. 2d 249, 841 N.W.2d 791 ("This court will not disturb a circuit court's decision to admit or exclude evidence unless the circuit court erroneously exercised its discretion.". (Citation omitted.)) "A circuit court erroneously exercises its discretion if it applies an improper legal standard or makes a decision not reasonably supported by the facts of record." *Id.* (Citation omitted.)

¶11 Pitzka first protests the fact that the circuit court admitted evidence of the garage fire on the parties' stipulation without first conducting a *Sullivan* analysis. First, we observe that trial counsel did not stipulate to the garage fire as being proper other-acts evidence, but stipulated that it was relevant information based on a court ruling from Dodge County, where the garage fire occurred. In addition, the State set forth the similarities between the garage fire and the fire at Amy's just days before, in light of *Sullivan*, including the facts that the same type of fire-starter logs were used in both fires (four at Amy's fire and two in the garage fire), and the defendant had bought a six-pack box of fire-starter logs the day before the Waukesha fire. It was also brought to light that whoever started the fire at both scenes had used water bottles filled with incendiary liquids in them affixed to the logs.

¶12 Pitzka alleges the circuit court failed to provide a detailed *Sullivan* analysis for admitting other-acts evidence. However, when that is the case, we will independently "review the record to determine whether it provides an appropriate basis for the circuit court's decision." *State v. Hunt*, 2003 WI 81, ¶34, 263 Wis. 2d 1, 666 N.W.2d 771. Accordingly, we reject Pitzka's argument as to this point and turn to our analysis of the evidence, starting first with the admission of the garage fire evidence, then briefly addressing the other challenged testimony.

¶13     Based on our review of the Record and the parties' arguments, we conclude that the circuit court did not erroneously exercise its discretion in allowing other-acts evidence of the garage fire.  The court first determined that the State was offering the evidence for the permissible purposes of primarily showing motive and intent, but also demonstrating plan, scheme, knowledge, and identity.  This was a conclusion that a reasonable judge could reach.  Under WIS. STAT. § 904.04(2)(a), "motive" and "intent" are listed as permissible purposes.  Thus, there is no doubt that the State offered the evidence for a permissible purpose.  *See State v. Payano*, 2009 WI 86, ¶63, 320 Wis. 2d 348, 768 N.W.2d 832 (citing WIS. STAT. § 904.04(2) (2007-08)) ("As long as the proponent identifies one acceptable purpose for admission of the evidence that is not related to the forbidden character inference, the first step is satisfied.  Consequently, this 'first step is hardly demanding.'" (Footnote omitted.) (Citations omitted.)); *see also State v. Marinez*, 2011 WI 12, ¶29, 331 Wis. 2d 568, 797 N.W.2d 399 (noting that permissible purposes under *Sullivan* are not limited to those listed in the statute or to those recognized in previous cases).

¶14     There also is no question that the garage fire incident is relevant evidence with significant probative value as to who committed the arson at Amy's house.  The similarities in time, the relationship between the victims and Pitzka, and the similar manner in which both fires were started make the evidence relevant and were crucial evidence for the State to prove the intent element of arson.  *See Sullivan*, 216 Wis. 2d 768, 772-73.

¶15     Pitzka also argues the unfair prejudice created by admitting the garage-fire evidence far outweighed its probative value, particularly because he asserts that his motive and intent could be proven through other less prejudicial means.  Pitzka's argument ignores the fact that the State bears the burden of

proving at trial each element of the charged offense. A reasonable judge could certainly find that the garage fire went to proving an element of the charged arson. Whether other-acts evidence is "of consequence" depends on whether it is logically related to an element of the offense; that is, whether under the substantive law, it is related to "the ultimate facts and links in the chain of inferences that are of consequence to the case." *Sullivan*, 216 Wis. 2d at 786.

¶16 Intent and motive are "of consequence." WIS. STAT. § 904.01. Intent is an element of the charged crime at issue here. *See* WIS. STAT. § 943.02(1)(a). "[A]n element of a crime constitutes a consequential fact that the State must prove even if the defendant does not dispute the element." *State v. Veach*, 2002 WI 110, ¶¶61, 77, 255 Wis. 2d 390, 648 N.W.2d 447; *see also State v. Plymesser*, 172 Wis. 2d 583, 594-95, 493 N.W.2d 367 (1992). Similarly, although motive is not specifically an element of a crime that the State must prove, here it is logically related to the element of intent. "Intent" is defined as having a requisite "mental purpose." *See*, *e.g.*, WIS JI—CRIMINAL 1220 (2015). Motive is relevant to establishing purpose. *See*, *e.g.*, *Davidson*, 236 Wis. 2d 537, ¶65 (quoting *Plymesser*, 172 Wis. 2d 583, 594-95). "Evidence relevant to motive is therefore admissible, whether or not defendant disputes motive." *Id.* Given these standards and definitions, the garage-fire evidence was clearly admissible at trial.

¶17 For the foregoing reasons, we conclude that the circuit court did not erroneously exercise its discretion in admitting the garage fire evidence. We similarly conclude that the court properly exercised its discretion in admitting testimony regarding the red-truck incident and the motorcycle route. In fact, these were not other acts as contemplated by WIS. STAT. § 904.03. Rather, the evidence around these issues explained the context in which Pitzka learned both the type of vehicle David drove as well as where David lived. The challenged evidence was

admissible because it was relevant as "part of the panorama of evidence needed to completely describe the crime that occurred and is thereby inextricably intertwined with the crime." *See* **State v. Dukes**, 2007 WI App 175, ¶28, 303 Wis. 2d 208, 736 N.W.2d 515.

¶18    Finally, Pitzka complains that the cautionary jury instruction given by the circuit court regarding the other-acts evidence was insufficient because it provided the jury with potential purposes for consideration of the evidence beyond motive or intent.  Again, we are unpersuaded.  Pitzka points to no errors of significance on the part of the State or the court in this regard.  The Record reveals no improper propensity argument from that testimony by the State, and the WIS. STAT. § 904.04(2) list of permissible purposes for which other-acts evidence is admissible is illustrative, not exhaustive.  **Marinez**, 331 Wis. 2d 568, ¶18.  The court presented the jury with a complete and accurate statement of the law in Wisconsin when it gave the entire standard other-acts instruction.  Pitzka fails to persuade us that the court erred in so doing.  *See* **Grube v. Daun**, 213 Wis. 2d 533, 549, 570 N.W.2d 851 (1997) (explaining the purpose of a jury instruction is to fully and fairly inform the jury of a rule or principle of law applicable to a particular case).

*Cell Phone Mapping Evidence*

¶19    Before trial, Pitzka's counsel stipulated to the admissibility of Facebook and cell phone records without testimony from a record custodian, but objected to the State's proposed mapping exhibit that would show the approximate location of Pitzka's cell phone during the red-truck incident and around the time of the June 28-29 fire.  Trial counsel argued against admitting the exhibit at trial, noting that the State had provided it with the mapping exhibit on the day before

9

the scheduled trial. The prosecutor stated that the maps were simply demonstrative evidence based on an officer's analysis of the "stipulated data," and the State was offering this evidence to show when Pitzka's phone was in a particular area. The circuit court found the map to be a demonstrative exhibit and ruled that its admissibility would "hinge on the foundation that's laid." However, the court offered Pitzka's counsel an adjournment of the trial to review the mapping exhibit. Counsel declined the adjournment and proceeded to trial, later testifying at the *Machner* hearing that trial counsel had done so on Pitzka's wishes.

¶20 To set aside a judgment of conviction, the newly discovered evidence must demonstrate that a manifest injustice occurred. *State v. Watkins*, 2021 WI App 37, ¶42, 398 Wis. 2d 558, 961 N.W.2d 884. We approach claims of newly discovered evidence with great caution. *State v. Morse*, 2005 WI App 223, ¶14, 287 Wis. 2d 369, 706 N.W.2d 152. To prevail, the defendant "must prove, by clear and convincing evidence, that: (1) the evidence was discovered after conviction; (2) the defendant was not negligent in seeking evidence; (3) the evidence is material to an issue in the case; and (4) the evidence is not merely cumulative." *State v. McCallum*, 208 Wis. 2d 463, 473, 561 N.W.2d 707 (1997), *holding modified by State v. Kivioja*, 225 Wis. 2d 271, 592 N.W.2d 220 (1999). If the defendant satisfies those four requirements, "the circuit court must determine whether a reasonable probability exists that a different result would be reached in a trial." *Id.*

¶21 We agree with the circuit court and conclude that Pitzka was not entitled to a new trial based on the court's admission of the mapping exhibit. Neither the exhibit nor Pitzka's expert's testimony regarding its significance was newly discovered evidence as defined by Wisconsin law. As the court correctly

explained in its postconviction decision, the mapping exhibit and the expert's interpretation of it were both based on data that Pitzka received from the State early on in discovery. The evidence amounts to nothing more than a "new appreciation of the importance of evidence previously known but not used" and does not constitute newly discovered evidence. *See State v. Bembenek*, 140 Wis. 2d 248, 256, 409 N.W.2d 432 (Ct. App. 1987). Pitzka has not demonstrated that he is entitled to relief for issues he raises surrounding this evidence.

*Ineffective Assistance of Trial Counsel*

¶22   In addition to the arguments we address above, Pitzka also asserts that trial counsel was ineffective on several fronts. He specifically takes issue with trial counsel's failures to object to evidence of the garage fire and to proceed to trial after being presented with the cell phone mapping exhibit. He also argues that trial counsel rendered ineffective assistance in stipulating that evidence of the 2020 fire was not relevant to the case.

¶23   To prevail on an ineffective-assistance-of-counsel claim, Pitzka must show that trial counsel performed deficiently and that he was prejudiced by the deficiency. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also State v. Mayo*, 2007 WI 78, ¶33, 301 Wis. 2d 642, 734 N.W.2d 115. "The test for deficient performance is whether counsel's representation fell below objective standards of reasonableness." *State v. McMahon*, 186 Wis. 2d 68, 80, 519 N.W.2d 621 (Ct. App. 1994). The test for prejudice is whether "our confidence in the outcome is doubted such that the conviction is fundamentally unfair or unreliable." *Id.* We will uphold the circuit court's findings of fact unless they are clearly erroneous, but review de novo whether counsel's performance was deficient and prejudicial. *Mayo*, 301 Wis. 2d 642, ¶32. This court presumes

counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

¶24 Bearing these standards in mind, we reject Pitzka's ineffective assistance of counsel arguments. We have already concluded that both the garage fire and cell phone mapping exhibit were properly admitted at trial and, as to trial counsel's failure to request an adjournment on the first day of the trial, we accept the circuit court's finding that Pitzka himself declined an adjournment, and trial counsel's performance in handling the mapping exhibit at trial and failing to retain an expert were objectively reasonable because there was no new information presented by the State in the mapping exhibit. There was no ineffective assistance in this regard.

¶25 Lastly, we are unpersuaded by Pitzka's argument that trial counsel was ineffective in failing to move to admit evidence of the 2020 fire. As previously stated, the parties and the circuit court determined that the 2020 fire was not relevant to the case because of its timing, the fact that it was ruled accidental and the other two fires were intentionally set, and the differences in the materials responsible for the 2020 fire was dramatic compared to the materials in the garage fire, which were identical to those used to start Amy's house fire. As trial counsel testified at the *Machner* hearing, he did not attempt to move in evidence of the 2020 fire because he knew it would be a frivolous motion. An attorney does not perform deficiently by failing to file a motion that would have been properly denied. *See State v. Berggren*, 2009 WI App 82, ¶21, 320 Wis. 2d 209, 769 N.W.2d 110. To prevail on this claim, Pitzka must offer "proof to support a conclusion that such a motion would have been successful," which he has not done. *See State v. Jackson*, 229 Wis. 2d 328, 344, 600 N.W.2d 39 (Ct. App. 1999).

12

## CONCLUSION

¶26 Pitzka has failed to demonstrate that he is entitled to a new trial. As explained, we conclude that the circuit court did not erroneously exercise its discretion in admitting the other-acts evidence and related acts at trial. We further conclude that neither the court nor trial counsel committed error with respect to the cell phone mapping exhibit or in proceeding to trial as scheduled. Finally, Pitzka has failed to demonstrate that his trial counsel rendered ineffective assistance. Accordingly, we affirm the judgment of conviction and the circuit court's order denying the motion for postconviction relief.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.